An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD RUIZ SENCION,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64655

**FILED**

DEC 19 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

EDWARD RUIZ SENCION,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65145

### *ORDER OF REVERSAL AND REMAND*

These are consolidated appeals from a judgment of conviction and an amended judgment of conviction, pursuant to a jury verdict, of burglary. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Edward Ruiz Sencion contends that the district court abused its discretion by permitting the State to amend its information on the eve of trial to add aiding and abetting and conspiracy theories of liability because he was not afforded sufficient notice to defend against those additional theories before the trial began. *See Green v. State*, 94 Nev. 176, 177, 576 P.2d 1123, 1123 (1978). The original

14- 41531

information alleged that Sencion entered a residence with the intent to commit larceny. The amended information alleged that Sencion conspired with an unknown person or aided and abetted that person by (1) providing counsel, (2) providing encouragement, (3) removing a dog door, (4) carrying away property, and/or (5) acting as a lookout, with the intent that the person enter a residence with the intent to commit larceny. We must decide whether the late notice prejudiced Sencion's substantial rights. *See* NRS 173.095 (allowing the State to amend an information to include another theory of liability at any time before the verdict so long as the substantial rights of the defendant are not prejudiced); *Green*, 94 Nev. at 177, 576 P.2d at 1123 (explaining that such prejudice amounts to an abuse of discretion).

Before deciding whether the district court abused its discretion, we note that, contrary to the argument in the State's written motion and during a subsequent hearing that "[i]t has always been evident since the preliminary hearing that Sencion acted in concert with another unidentified person and as a team in burglarizing the victim's home," there was no indication from the preliminary hearing testimony that anyone other than Sencion participated in the burglary. For this reason, we are not confident that we should give the district court's decision the deference ordinarily due under an abuse-of-discretion standard. *See generally Burke v. Town Of Walpole*, 405 F.3d 66, 82 (1st Cir. 2005) (explaining that a court owes no deference to a magistrate's decision where magistrate was misled about relevant information).

The State argued that Sencion would not be prejudiced because the evidence had not changed since the preliminary hearing. This argument only assisted the State with satisfying its burden under NRS 173.095 if evidence of a conspirator had been introduced during the preliminary hearing and thereby placed Sencion on notice that the State believed such a person existed. Without such evidence, the State's argument supports Sencion's contention that he was completely unprepared to defend against the new theories of liability. If new evidence had not been uncovered since the preliminary hearing, and the preliminary hearing did not provide notice, the State's motion to amend provided the first notice of the new theories of liability to Sencion. Thus, this argument did not support the district court's decision to grant the State's motion to amend.

The only other stated basis for the district court's decision is the district court's interpretation of *State v. Eighth Judicial Dist. Court (Taylor)*, 116 Nev. 374, 378, 997 P.2d 126, 129 (2000), which the court concluded was "analogous." The court specifically noted that our opinion in *Taylor* requires a defendant's substantial rights to be prejudiced by an amendment alleging an aiding and abetting theory of liability, and then noted that it agreed with the State that Sencion was not prejudiced by such an amendment because "he's not looking at any additional time." This reasoning is flawed and is at odds with *Taylor*, where we concluded that the district court did not abuse its discretion in determining that the defendant's substantial rights were effectively prejudiced by the State's delay in amending the information to include a theory of aiding and

abetting because "there is no indication from the documents before this court that prior to the morning of trial [defendant] received adequate actual notice of the State's theory." *Taylor*, 116 Nev. at 378, 997 P.2d at 129. If this court followed the district court's reasoning, correlating "additional time" with prejudice, a defendant would never face prejudice when an information is amended to include a theory of aiding abetting because the underlying charges, and thus the sentence, always remain the same. *Taylor* does not stand for this proposition.

Although the amendment here occurred on Friday, rather than just before the trial began the following Monday, we conclude that the district court abused its discretion by granting the State's motion to amend. Under the facts of this case, a weekend was not a sufficient amount of time for Sencion to prepare to defend against the new theories of liability. Because of the amendment, Sencion not only had to defend against the allegation that he intended to commit larceny when he entered the residence, he now had to defend against the allegation that he intended another person to enter the residence with the intent to commit larceny and knowingly aided and abetted that person in five different ways. *See Sharma v. State*, 118 Nev. 648, 655, 56 P.3d 868, 872 (2002) (requiring aider and abettor to have the specific intent "that the other person commit the charged crime"). This prejudiced his substantial rights. By definition, such an error cannot be harmless. *See* NRS 178.598. Moreover, we do not believe Sencion should have been forced to choose between waiving his right to a speedy trial and requesting a continuance

after this right had been previously invoked, and proceeding to trial unprepared. Accordingly, we[1]

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ J.
Parraguirre

_____, J.
Saitta

cc: Hon. David B. Barker, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[1]Because we are reversing and remanding for a new trial, we need not consider Sencion's other claims of error.

PICKERING, J., dissenting:

A district judge may allow the prosecution to amend the charging document in a criminal case any time before verdict so long as "no additional or different offense is charged and [the] substantial rights of the defendant are not prejudiced." NRS 173.095(1). Our review is deferential; we will not second guess the district court except when it "manifestly abuses" its considerable discretion. *State v. Eighth Judicial Dist. Court (Taylor)*, 116 Nev. 374, 379, 997 P.2d 126, 129 (2000). Because I do not agree that a manifest abuse of discretion occurred in this case, I respectfully dissent.

The Friday before a Monday trial, Judge Barker permitted the prosecution to amend its information charging Sencion with burglary to state that it sought to hold him liable for the acts he directly committed and/or those he aided and abetted.[1] NRS 195.020 states that anyone who aids and abets the commission of a crime is liable as a principal. Despite this statute, Nevada has case law requiring that accomplice liability be specifically alleged in the information for a defendant to be convicted of a charged offense on an aiding and abetting theory. *E.g.*, *Barren v. State*, 99 Nev. 661, 668, 669 P.2d 725, 729 (1983); *but see State v. Gonzales*, 56 P.3d 969, 972 n.2 (Utah App. 2002) (noting that "[t]he Nevada rule" articulated in *Barren* and its progeny "comprises a single-state minority position"). But this due-process-based rule does not inhibit amendment to state an accomplice liability theory unless the prosecution has "conceal[ed] or vacillat[ed] in its theory of the case to gain an unfair advantage over the

---

[1]The focus in the brief and by the majority is on aiding and abetting rather than conspiracy, so this dissent does the same.

defendant." *Randolph v. State,* 117 Nev. 970, 978, 36 P.3d 424, 429 (2001). Thus, in *Randolph,* we upheld the district court's decision to instruct the jury on aiding and abetting even though this theory of liability was not alleged in the indictment. We distinguished *Barren* as follows:

> Randolph argues that the State was precluded from the benefit of such instructions because it did not originally charge aiding and abetting. We disagree. *Randolph's argument, carried to its logical end, would allow a defendant, in any case where the State did not allege aiding and abetting in the charging document, to escape liability for a crime by proving that he actually aided and abetted the crime. Our holding in Barren was not intended to produce such a perverse result.* Nor is such a result acceptable under Nevada statutory law: pursuant to NRS 195.020, anyone who aids and abets in the commission of a crime is liable as a principal.

*Id.* at 978, 36 P.3d at 429-30 (footnote omitted; emphasis added); *see also Ewish v. State,* 110 Nev. 221, 236, 871 P.2d 306, 316 (1994).

*Barren* does not apply to this case because nothing suggests the prosecution vacillated or concealed its theory. On the contrary, the aiding and abetting charge grew out of the prosecution obtaining, at the defense's suggestion, documents from the victim's insurance company, including the insurance adjuster's lengthy examination under oath of the victim that made clear that, to move the sizeable objects reported missing, more than one person likely was involved. These documents were obtained shortly before trial; they were provided to the defense when the prosecution obtained them.

The only question before the district court, then, was whether the amendment comported with NRS 173.095(1). I submit that it did. The amendment did not charge Sencion with "an additional or different

offense"; the charge remained burglary. Nor did the district court abuse its discretion in finding that the amendment did not prejudice Sencion's substantial rights.

Respecting prejudice, Sencion argues that allowing the prosecution to amend on the eve of trial forced him to a Hobson's choice between his speedy trial rights and an adequately prepared defense. But this alone cannot be enough because this argument obtains any time leave to amend is sought close to or during trial to conform to the evidence and the proof, yet NRS 173.095(1) specifically allows the charging document "to be amended at any time *before verdict or finding* if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." (Emphasis added.)

The prosecution argues that its aiding and abetting theory did not unfairly surprise Sencion, since the preliminary hearing transcript suggested more than one person may have been involved in the burglary. The majority suggests that the district court was misled by this argument. I respectfully disagree. The victim testified at the preliminary hearing that he came home to find his house ransacked, upstairs and down. A police report referenced an insurance company to whom the victim submitted a claim. Both sides had this report but neither side pursued claim documentation from the insurance company until shortly before trial. From the insured victim's examination under oath by the insurance adjuster it became clear that more than one person had to have been involved in the burglary; hence, the formal amendment. But the preliminary hearing transcript also supports the aiding and abetting charge from the extent of the ransacking the victim described and the short time between the victim leaving to go to work and returning at the

noon hour. The district court's comment about amendment not affecting the number of years Sencion faced was in the context of a discussion about whether, given the new insurance documents, the prosecution was amending to add a grand larceny charge, which it confirmed it was not.

Sencion does not tie his claim of prejudice to the facts of the case. The evidence at trial showed that Sencion's fingerprints were on both sides of the dog door in the victim's house and that the victim did not know Sencion or authorize him to come inside his house. Sencion's defense was that a stranger hired him as a day laborer to help move the stranger's belongings from what the stranger told Sencion was his current residence to his new residence. This defense applies equally to accomplice as well as to direct-actor liability; it seems unaffected by the theory of liability alleged. Given that the charge did not change, that the prosecution did not spring a surprising new theory on the eve of trial, and the lack of demonstrable prejudice, I do not find an abuse of discretion in the amendment allowed. For these reasons, I would affirm and therefore respectfully dissent.

_____, J.
Pickering